# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

No. 23-1951V

Filed: November 26, 2024

Reissued for Public Availability: December 23, 2024

* * * * * * * * * * * * *
| | |
|---|---|
| WILLIAM WICKHAM, | * |
| Petitioner, | * |
| v. | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| Respondent. | * |

* * * * * * * * * * * * *

*William Wickham*, Windham, ME, *pro se* petitioner.
*Emilie Williams, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

### DECISION[1]

**Roth,** Special Master:

On November 3, 2023, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that the influenza ("flu") vaccine he received on October 1, 2020 caused him to develop chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

Throughout the pendency of this matter, petitioner was ordered several times to file his complete medical records from three years prior to the vaccine through present-day, including but not limited to the vaccination record. ECF Nos. 10, 12, 15, 18, 22. Petitioner failed to file proof of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. This Decision originally issued on November 26, 2024 and the parties were afforded fourteen days to propose redactions in accordance with Vaccine Rule 18(b). Petitioner did not move for redactions. Accordingly, this Decision is issued in its original format for posting on the Court's website.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

vaccination for the October 1, 2020 influenza vaccine. *See* ECF Nos. 12, 16, 18, 22. He also failed to file his complete medical records or any expert support for his claim that he suffered a vaccine related GBS later diagnosed as CIDP. ECF No. 22.

Petitioner was afforded full opportunity to file the necessary support for his alleged vaccine related claims. Additionally, numerous status conferences were held in which he, his spouse, and his spouse's daughter participated and during which the requirements of the Program were discussed, questions were answered, and assistance was provided to make sure petitioner and his family understood the proofs required to continue with his case and the factual issues that were present. Discussed at length was the need for proof of vaccination on October 1, 2020, the onset of symptoms in February of 2021, and his GBS/CIDP being related to active COVID-19 infection upon admission to the hospital in February of 2021. *See, e.g.,* ECF Nos. 10, 14, 18. The necessary documentation was not filed.

Accordingly, an Order to Show Cause issued on October 10, 2024 for petitioner to show why his claim should not be dismissed for failure to provide proof of vaccination, comply with Court Orders, and prosecute his case. ECF No. 25. Petitioner was ordered to file the necessary evidence. Because petitioner repeatedly communicated only with Chambers and sent documents by email to Chambers despite being advised that filings must be made through the Clerk's Office, it was specifically noted that his submission must be filed with the Clerk of Court and that emails to Chambers will not be accepted. *See, e.g.*, Ct. Ex. 2, 5-8. He was advised that failure to respond to the Court's Order to Show Cause would result in the immediate dismissal of his claim. ECF No. 25.

Petitioner failed to file anything by the Court-ordered deadline of November 25, 2024. Special masters may dismiss a petition where the petitioner fails to follow court orders. *See Padmanabhan v. Sec'y of Health & Human Servs.,* 638 Fed. App'x 1013 (Fed. Cir. 2016); *see also Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam,* 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).

Further, to receive compensation under the Program, a petitioner must prove either 1) that they suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding with their vaccination, or 2) that they suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," and the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

In the instant matter, petitioner has failed to comply with the Court's Orders. Further, based on the record, he has failed to file proof of the allegedly causal vaccine or otherwise demonstrate that his injuries were "actually caused" by the vaccination. **Thus, this case is dismissed for failure to prosecute and insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master